UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

THOMAS B. WATT III,

        Plaintiff,                      CIV. S-04-0099 PAN

    v.

JO ANNE B. BARNHART,                Memorandum of Decision
Commissioner of Social
Security,

        Defendants.

—o○o—

Pursuant to 42 U.S.C. § 405(g), plaintiff requests this court review defendant's decision denying plaintiff disability benefits.

If the claimant meets eligibility requirements, the Commissioner bases his decision upon a five-step analysis. First, the claimant must not currently be working. 20 C.F.R. § 404.1520(b). Second, the claimant must have a "severe" impairment. 20 C.F.R. § 404.1520(c). Third, the medical

evidence of the claimant's impairment is compared to a list of impairments that are presumed severe enough to preclude work; if the claimant's impairment meets or equals one of the listed impairments, benefits are awarded. 20 C.F.R. § 404.1520(d). Fourth, if the claimant can do his past work benefits are denied. 20 C.F.R. § 404.1520(e). Fifth, if the claimant cannot do his past work and, considering the claimant's age, education, work experience, and residual functional capacity, cannot do other work that exists in the national economy, benefits are awarded. 20 C.F.R. § 404.1520(f).

      Defendant found plaintiff was eligible, "has mild lumbar degenerative disease, mild multilevel degenerative cervical disc disease, lumbar facet arthropathy, and bilateral carpal tunnel syndrome" but no listed impairment, that he cannot perform his past work but, based upon expert vocational evidence, he can work as a hand packer/packager, grain/feed washer or grader/sorter and is not disabled. Tr. 16, 19-20.

      This court must uphold the Secretary's determination that a plaintiff is not disabled if the Commissioner applied the proper legal standards and if the Secretary's findings are supported by substantial evidence. Sanchez v. Secretary of Health and Human Services, 812 F.2d 509, 510 (9th Cir. 1987). The question is one of law. Gonzalez v. Sullivan, 914 F.2d 1197, 1200 (9th Cir. 1990). Substantial evidence means more than a mere scintilla, Richardson v. Perales, 402 U.S. 389, 401 (1971), but less than a preponderance. Bates v. Sullivan, 894 F.2d 1059,

1061 (9th Cir. 1990).  It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Richardson, 402 U.S. at 401.  The court cannot affirm the Commissioner simply by isolating supporting evidence but must consider the entire record, weighing evidence that undermines as well as evidence that supports the Secretary's decision. Gonzalez v. Sullivan, 914 F.2d at 1200.  If substantial evidence supports administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the finding of the Commissioner is conclusive, Sprague v. Bowen, 812 F.2d 1226, 1229-30 (9th Cir. 1987), and may be set aside only if the proper legal standards were not applied in weighing the evidence.  Burkhart v. Bowen, 856 F.2d 1335, 1338 (9th Cir. 1988).

     Plaintiff claims the decision is not within the "spirit" of an appeals council order reversing a prior denial of the same application, and that defendant erroneously rejected the opinion of a treating physician and plaintiff's testimony.

     This court's review is limited to ascertaining whether defendant applied the proper legal standards and if her findings are supported by substantial evidence; it does not review to decide whether the "spirit" of a decision by defendant's appeals council has been followed.

     Defendant found plaintiff was malingering and on this basis rejected the opinion of a treating physician, Dr. Soloniuk, apparently because defendant thought Dr. Soloniuk gave too much

weight to plaintiff's subjective complaints, as the objective signs were minimal.  Tr. 17.

Defendant's finding that plaintiff was guilty of "obvious exaggeration of his symptoms and limitations" was based upon two reports.  Tr. 17.  The first was made June 7, 1999, by Dr. James Tate, a specialist in neurological surgery, who said, without explanation, plaintiff "has an abundance of subjective symptoms without associated objective findings."  Tr. 229.  The second is a much more thorough report by a board certified orthopedic surgeon, Dr. Charles Miller, after examination in April 2003.  Tr. 473.  Dr. Miller reported his opinion that plaintiff's "complaints were severely amplified" and that his use of a cane was unnecessary.  Tr. 467.  When these observations were presented to Dr. Soloniuk, a specialist in pain management, in June 2003, however, he vehemently disagreed and explained why plaintiff may be suffering the pain he complains of without the objective clinical findings that Dr. Miller apparently thought were required to explain such pain.  Tr. 490.  Defendant dealt with this conflict of medical opinion whether plaintiff was malingering only by saying:

> Dr. Soloniuk's attempt to overcome the evidence of the claimant's exaggeration is not persuasive in view of the substantial evidence indicating otherwise.  Tr. 17.

Unfortunately, that amounts to no more than saying defendant prefers the countervailing opinion, not <u>why</u> it is preferred over the treating physician's opinion.

4

1  Accordingly, the decision must be reversed.

2  Dated:  May 18, 2005.

3
                              /s/ Peter A. Nowinski
                              PETER A. NOWINSKI
4                             Magistrate Judge